# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:

Craig and Kelli Hufford

    Debtor(s)

**JUDGE RICHARD L. SPEER**

Case No. 09-34008

## DECISION AND ORDER

This cause comes before the Court after a Hearing on the Debtors' Motion To Disburse Funds held by the Chapter 13 Trustee to the Debtors. (Doc. No. 84). At the Hearing held on this matter, the Trustee objected to the Debtors' Motion, taking the position that any undisbursed funds should be distributed to creditors according to the terms of the Debtors' confirmed Chapter 13 plan. (Doc. No. 87). At the conclusion of the Hearing, the Parties were afforded the opportunity to submit briefs to the Court in support of their respective positions. The Parties have since their briefs which the Court has now had the opportunity to review. Based upon this review, the Court, for the reasons set forth herein, finds that the Debtors' Motion should be Denied subject to the conditions set forth herein.

## FACTS

On June 15, 2009, the Debtors, Craig and Kelli Hufford, filed a petition in this Court for relief under Chapter 13 of the United States Bankruptcy Code. (Doc. No. 1). At the same time, the Debtors also filed their proposed Chapter 13 plan. (Doc. No. 4). Among the terms of the Debtors' proposed Chapter 13 plan, it was provided that "Title to the Debtor's [sic] property shall revest in debtor upon completion of payments under the plan." *Id.*, at ¶ 11.

In re Craig and Kelli Hufford
Case No. 09-34008

On September 2, 2009, the Court entered an order confirming the Debtors' proposed plan. (Doc. 23). In the Court's order confirming the Debtors' Chapter 13 plan, it was provided, *inter alia*, that:

> . . . the Trustee disburse the moneys paid in, by or for the debtor under the plan in accordance with 11 U.S.C. Sections 1326 and 1325(a)(5)(iii), and in the event of a conversion to another chapter or dismissal of this case by the Court or by the debtors pursuant to 11 U.S.C. Section 1307, all funds remaining in the hands of the Trustee at the time of dismissal or conversion shall be paid to the Chapter 13 creditors pursuant to the terms of this confirmed plan[.]
>
> . . . that the Trustee may cease making payments(s) on any claim that is the subject of an Objection, until such time as the Objection is resolved by a final order.

*Id.*

During the progression of their Chapter 13 case, the Debtors filed two objections to a mortgage claim, previously reduced to judgment, asserted by Deutsche Bank. (Doc. No. 30 & 43). The Debtors premised their objections on Deutsche Bank improperly increasing their monthly mortgage payment. Based upon these objections, the Trustee, John Gustafson, suspended payments to Deutsche Bank.[1] (Doc. No. 32 & 44).

Contemporaneous with the Debtors' dispute with Deutsche Bank, the Trustee filed a Motion to Dismiss the Debtors' Chapter 13 case based upon a lack of feasibility of their plan. (Doc. No. 36). The Debtors' objected to the Trustee's Motion. (Doc. No. 39). On a number of occasions, the adjudication of the Trustee's Motion to Dismiss was continued while the Parties attempted to reach

---

[1] The claim of Deutsche Bank was later transferred to OCWEN Loan Servicing, LLC. (Doc. No. 47).

Page 2

In re Craig and Kelli Hufford
Case No. 09-34008

a settlement regarding the issue of feasibility. (Doc. No. 53, 57, 58, 59, 63, 64, 67 & 76). During this time, the Debtors continued making payments according to the terms of their Chapter 13 plan.

On July 18, 2011, however, the Debtors withdrew their objection to the Trustee's Motion to Dismiss, conceding that their "Plan has become unfeasible because of employment problems." (Doc. No. 80). Two days later, the Court entered an order, dismissing the Debtors' Chapter 13 case. (Doc. No. 81). In this Order of dismissal, it was set forth "that John P. Gustafson, the Standing Chapter 13 Trustee, disburse any funds on hand to the Creditors[.]" *Id.* At the time of dismissal, the Debtors' objection to the claim of Deutsche Bank had yet to be adjudicated.

After the Dismissal of their case, the Debtors filed the Motion now before the Court to have the funds held by the Trustee disbursed to them. At the present, the Trustee has within his custody the sum of $17,940.00. The funds sought by the Debtors total $15,600.00, representing the undispersed funds which have accrued since October 19, 2010 – the date on which the Trustee filed his Motion to Dismiss this case.

## DISCUSSION

Now before this Court is the Motion of the Debtors to Disburse Funds in their former bankruptcy case which was dismissed by the Court. As this matter concerns the prior administration of the bankruptcy estate, it qualifies as a core proceeding over which this Court has jurisdiction to enter final orders and judgments. 28 U.S.C. § 157(b)(2)(A).[2]

---

[2]
Even after the dismissal of a case, a court still retains jurisdiction over certain matters related to the former bankruptcy case. The distribution of funds held by a trustee would necessarily fall within such jurisdiction. *See, e.g.*, 11 U.S.C. §§ 1302(b)(1) and 704(9) (trustee required to make a final account with the court regarding the administration of the estate).

Page 3

In re Craig and Kelli Hufford
Case No. 09-34008

In the Debtors' former bankruptcy case, the Chapter 13 Trustee, based upon payments received from the Debtors under their confirmed Chapter 13 plan, still has within his custody the sum of $15,600.00. It is the position of the Trustee that these funds should be distributed to the Debtors' creditors according to the terms of their confirmed Chapter 13 plan. By way of their Motion to Disburse Funds, however, the Debtors take the opposite position, arguing that they are entitled to receive these funds. In the alternative, the Debtors argue that only those claims which were allowed may be paid from estate assets, thereby preluding any distribution to Deutsche Bank whose claim remained in dispute at the time the Debtors' case was dismissed.

Among the duties prescribed by the Bankruptcy Code, a Chapter 13 trustee is required to account for all property received during the administration of the case. 11 U.S.C. § 1302(b)(1) and § 704(a)(2). In turn, the Bankruptcy Code requires that, as a condition to a Chapter 13 plan being confirmed, a debtor must provide for the submission to the control of the trustee that portion of their future income which is necessary to effectuate the plan. 11 U.S.C. § 1322(a)(1). Taken together, these requirements mean that a Chapter 13 trustee must ensure that monies received are accounted for and then distributed in accordance with the Bankruptcy Code and the terms of a confirmed Chapter 13 plan. *Accord* 11 U.S.C. § 1326(c) ("Except as otherwise provided in the plan or in the order confirming the plan, the trustee shall make payments to creditors under the plan.").

In this case, the terms of the order confirming the Debtors' Chapter 13 plan explicitly provided that "all funds remaining in the hands of the Trustee at the time of dismissal or conversion *shall be paid to the Chapter 13 creditors* pursuant to the terms of this confirmed plan[.]" (emphasis added). This Order is considered a final judgment, binding the Debtors to its terms. 11 U.S.C. § 1327(a). As set forth in § 1327(a), the "provisions of a confirmed plan bind the debtor and each creditor, . . ." Furthermore, in Bankruptcy Code § 1326, governing payments in Chapter 13 cases,

Page 4

In re Craig and Kelli Hufford
Case No. 09-34008

it is specified that "[i]f a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable." 11 U.S.C. § 1326(a)(2).[3]

Considered then within this statutory framework, alone, the position espoused by the Trustee is above reproach. All funds remaining in his custody, including the $15,600.00 collected by the Trustee since he filed his Motion to Dismiss, should be distributed according to the Debtors' Chapter 13 plan of reorganization – *i.e.*, such funds should be distributed to the Debtors' creditors. Such an approach, whereby upon dismissal remaining funds held by a trustee are distributed according to a debtor's confirmed Chapter 13 plan, finds additional support. In *In re Parrish*, the court, relying on § 1326(a)(2), held that the dismissal of a chapter 13 case does not relieve the chapter 13 trustee of his statutory duty to distribute funds in accordance with a confirmed plan. 275 B.R. 424, 426 (Bankr. D.D.C.2002).

Notwithstanding, there is also authority for the position taken by the Debtors – that the dismissal of a case voids the binding effect of a confirmed Chapter 13 plan, thereby relieving the trustee of his duty to make payments according to the confirmed plan. *See Nash v. Kester (In re Nash)*, 765 F.2d 1410. 1413 (9th Cir.1985) ("The dismissal [of a Chapter 13 case] effectively vacate[s] the . . . confirmed plan."). *See also In re Sanitate*, 415 B.R. 98 (E.D.Pa. 2009) (a confirmed Chapter 13 plan does not bind creditors when the case is dismissed). The reasoning for this approach

---

[3]

In full, this provision provides:

> (2) A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

Page 5

In re Craig and Kelli Hufford
Case No. 09-34008

rests largely upon the application of Bankruptcy Code § 349, which governs the effect of a bankruptcy case being dismissed.

Bankruptcy Code § 349 seeks to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case. *In re Wcislak*, 446 B.R. 827, 829 (Bankr. N.D.Ohio 2011). To this end, it is provided in § 349(b) that, among other matters, the dismissal of a case reinstates certain nonbankruptcy proceedings, it reinstates certain transfers which were avoided while the bankruptcy case was pending, and it reinstates certain types of voided liens. 11 U.S.C. § 349(b)(1). The dismissal of a case also revests estate property in the entity in which it was vested immediately prior to the commencement of the bankruptcy case. 11 U.S.C. § 349(b)(3).

In the leading appellate decision, *In re Nash*, 765 F.2d 1410 (9th Cir. 1985), the court addressed the effect of § 349 on the type of situation now before the Court: Where, after a plan is confirmed, but thereafter the case is dismissed, the Chapter 13 trustee holds funds which, according to the plan, should go to the debtor's creditors. In *In re Nash*, the bankruptcy court found that the approximately $900.00, which the trustee had paid to an unsecured creditor in accordance with the confirmed plan, but after the case had been dismissed, was a proper distribution. The court of appeals, however, overruled the bankruptcy court's decision, finding that, pursuant to § 349, the trustee should have distributed the funds to the debtors. Liability for the improper distribution was, therefore, imposed on the trustee.

In coming to its decision, the court in *In re Nash* reasoned that: (1) the dismissal of the Chapter 13 case effectively vacated the confirmed plan; (2) the funds held by the trustee at the time of dismissal were property of the estate; and (3) a dismissal under § 349(b)(3) revests property of the estate in the debtors. *Id* at 414. *See also In re Tran*, 309 B.R. 330, 334 (9th Cir. B.A.P. 2004). These conclusions, obviously favorable to the Debtors' position, find additional support.

Page 6

**In re Craig and Kelli Hufford**
**Case No. 09-34008**

      First, in a Chapter 13 case, property of the estate will include postpetition wages earned by a debtor.[4] 11 U.S.C. § 1306(a)(2). Consequently, as pointed out by the court in *In re Nash*, the revestment language contained in § 349(b)(3), whereby upon the dismissal of a case property of the estate is revested in the debtor, naturally lends itself to the conclusion that funds held by a trustee upon dismissal should be returned to the debtor. The Court's conclusion in *In re Nash*, concerning the termination of the plan upon dismissal, also finds practicable support.

      In exchange for receiving the benefits of the terms of a Chapter 13 plan of reorganization, a debtor is expected to complete their proposed plan. *See* 11 U.S.C. § 1328 (discharge only entered after all payments under plan have been made). This is the exchanged for bargain between the debtor and the debtor's creditors envisioned by the United States Congress. Thus, when a debtor fails to fulfill their end of the bargain because of the dismissal of their case, a resulting finding that their confirmed Chapter 13 plan is terminated serves to prevent a debtor from obtaining the benefit of those terms in a plan which are advantageous to the debtor. *In re Sanitate*, 415 B.R. 98 (E.D.Pa. 2009); *In re Shaffer* 48 B.R. 952 (Bankr. N.D.Ohio 1985). For example, the cramdown of undersecured liens.

      In any event, even if this Court were inclined to follow the court's decision in *In re Nash*, the particular circumstances of this case compel a different result. Section 349(b), upon which the court

---

[4] Section 1327(b) of the Bankruptcy Code provides that "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." This provision's interplay with § 1306 has lead to some confusion regarding if and the extent to which postpetition earnings remain estate property. *See California Franchise Tax Board v. Jones (In re Jones)*, 420 B.R. 506, 515 (9th Cir. B.A.P. 2009) (discussing the different approaches). This issue, however, is not before the Court because, as allowed by § 1327(b), the Debtors' confirmed plan provided otherwise, setting forth that "Title to the Debtor's [sic] property shall revest in debtor upon completion of payments under the plan."

Page 7

In re Craig and Kelli Hufford
Case No. 09-34008

in *In re Nash* relied, begins by providing that "[u]nless the court, for cause, orders otherwise, . . . ." In this matter, the Court's order, dismissing the Debtors' bankruptcy case, made such a finding, providing "that John P. Gustafson, the Standing Chapter 13 Trustee, disburse any funds on hand to the Creditors[.]" This order was not appealed, making its holding *res judicata*.[5] *In re Pruitt*, 910 F.2d 1160, 1164-65 (3rd Cir.1990) (dismissal of Chapter 13 bankruptcy case for failure to file confirmable plan was final judgment, properly appealed to district court).

This outcome parallels the decision rendered in the case of *In re Cox* in which the Court stated:

> the September 12, 2007 Dismissal Order expressly directs that "[t]he trustee shall disburse the balance of funds on hand in accordance with the Debtors' confirmed plan. (11 U.S.C. § 1326(c))." This directive unambiguously satisfies the "[u]nless the court, for cause, orders otherwise" proviso of § 349(b) and thus overrides the provision of § 349(b)(3) re-vesting "property of the estate" in the Debtors upon dismissal of their Chapter 13 case.

381 B.R. 525, 528 (Bankr. E.D.Tenn.2008). *See also In re Genovese*, 91 B.R. 831 (Bankr. E.D.Tenn. 1988) (contempt order constitutes a "for cause" order under § 349(b)).

To be sure, this Court's order of dismissal did not specifically state the grounds giving rise to § 349(b)'s "for cause" requirement. However, such "cause" clearly exists for this reason: The better part of a year elapsed from the time the Trustee filed his Motion to Dismiss, on October 19, 2010, until the time the Debtors' case was actually dismissed, an event which occurred on July 20, 2011. During this time, the Debtors continued to receive the benefits of the Bankruptcy Code – particularly, the automatic stay of § 362(a) – while they attempted to rectify deficiencies regarding

---

[5] Pursuant to Bankruptcy Rule 8002, notice of an appeal must be filed with the clerk within 14 days after the date of the entry of the final order or judgment.

Page 8

**In re Craig and Kelli Hufford**
**Case No. 09-34008**

the implementation of their plan. Having, thus, received the benefits of the Bankruptcy Code for an extended period of time, it can be expected that payments made by the Debtors while their bankruptcy case was pending should be allocated to their creditors in accordance with the intention of their Chapter 13 plan.

This Court's holding in *In re Wcislak, supra*, setting forth that the purpose underlying § 349 is to undo the effects of the dismissed bankruptcy case, does nothing to change this result. To the contrary, this Court's holding *In re Wcislak* specifically recognized that, even upon dismissal, the Court still retains jurisdiction to hear matters related to the dismissed case. 446 B.R. 830. This Court's holding in *In re Wcislak*, thus, simply reinforces what was otherwise implicit: That, notwithstanding § 349, this Court retains jurisdiction over the assets still held by the Chapter 13 Trustee.

In response to the foregoing, the Debtors raised two arguments attacking the right of Deutsche Bank to receive any distribution from the Trustee. The first of these arguments relies on the doctrine of merger. In the Debtors' words: the claim of Deutsche Bank "in the Bankruptcy Court should rightfully be merged with the claim of the lender in its state court action and no payments held in escrow by the Trustee should be disbursed to this disputed creditor." (Doc. No. 89). For this position, the Debtors relied on the fact that Deutsche Bank had, on a prepetition basis, reduced its claim to judgment, and that after the Debtors' bankruptcy case was dismissed, the stay placed on its judgment was dissolved. Thus, according to the Debtors, "Deutsch Bank's claim in the Bankruptcy is now irrelevant because it's rights are with, and it has in fact revived, the state court judgment and proceeding." *Id.*

The doctrine of merger generally holds that when "a greater and a lesser lead interest meet in the same person, in the same right, without any intermediate interest, a merger is said to occur, the lesser interest being swallowed by the greater." *In re Eagson Corp.*, 56 B.R. 127, 129 (Bankr.

Page 9

In re Craig and Kelli Hufford
Case No. 09-34008

E.D.Pa. 1985). The doctrine of merger is applied in a variety of contexts – for example, there is merger by deed and merger of estates. Where, as here, a judgment is at issue, the merger doctrine holds that:

> when a valid and final personal judgment is rendered in favor of the plaintiff, the original debt or cause of action, or underlying obligation upon which an adjudication is predicated, is said to be merged into the final judgment, and the plaintiff cannot maintain a subsequent action on any part of the original claim, because the doctrine of merger operates to extinguish a cause of action on which a judgment is based and bars a subsequent action for the same cause. A new cause of action on a judgment is substituted for the original claim.

46 AM. JUR 2D *Judgments* § 451. This meaning of the merger doctrine, however, cannot be viewed as having any consequence to the judgment held by Deutsche Bank.

In this case, Deutsche Bank is not seeking to maintain a subsequent cause of action on any part of the underlying claim giving rise its judgment. Nor for that matter is the Trustee. Instead, the Trustee, through his motion to disburse funds, is merely seeking to pay on claims held against the estate in accordance with the Debtors' confirmed plan. Any action taken by Deutsche Bank on its judgment is, thus, entirely independent of the Trustee. Accordingly, the Trustee's action of disbursing funds has nothing to merger into, making the merger doctrine inapplicable.

The Debtors' next position, in opposition to Deutsche Bank receiving any distribution from the Trustee, relies on a single fact: That at the time their case was dismissed, an objection against the claim of Deutsche Bank was pending. This, according to the Debtors, precludes any distribution to Deutsche Bank because "the Trustee may only disburse to creditors with undisputed claims." (Doc. No. 89). This position, the Court finds, has merit.

09-34008-rls    Doc 90    FILED 09/29/11    ENTERED 09/29/11 15:54:11    Page 10 of 14

In re Craig and Kelli Hufford
Case No. 09-34008

As set forth earlier, the Bankruptcy Code requires a trustee to make payments to creditors in accordance with the debtor's confirmed plan and the order of confirmation. 11 U.S.C. § 1326(a)(2); § 1326(c). In this matter, the terms of both the Debtors' plan and the order confirming the Debtors' plan prohibited disbursements from the Trustee on any claim subject to an objection. As it regards this Court's order of confirmation, this prohibition was explicit.

In this Court's order of confirmation it was stated, "that the Trustee may cease making payments(s) on any claim that is the subject of an Objection, until such time as the Objection is resolved by a final order." The same prohibition, although not expressly stated, was implicitly provided for in the Debtors' confirmed plan.

Under the Debtors' confirmed plan it was set forth that only allowed claims would be entitled to receive a distribution under the Debtors' plan. (Doc. No. 4). Pursuant to § 502(a), a claim is deemed allowed unless an objection to the claim is filed. It, thus, follows that, while the Debtors' objection to Deutsche Bank's proof of claim was pending, Deutsche Bank did not hold an allowed claim, hence requiring the Trustee to halt payments to Deutsche Bank in accordance with the Debtors' plan. *In re Ezzell*, 438 B.R. 108, 113 (Bankr. S.D.Tex. 2010); *see also Wechsler v. Hunt Health Systems, Ltd.*, 1999 WL 397751 *7 (S.D.N.Y. June 16, 1999) (automatic allowance under § 502(a) only occurs if there is no timely objection).

Consequently, as an objection was pending against the Deutsche Bank's claim at the time the Debtors' case was dismissed, both the Debtors' plan and the order confirming the Debtors' plan preclude the Trustee from making a distribution to Deutsche Bank.[6]

---

[6]

The Debtors' brief, in which they made the argument that Deutsche Bank was not entitled to receive undisbursed funds held by the Trustee, was filed with the Court on September 13, 2011. The Debtors attached to their brief a certificate of service, certifying that their brief was served,

Page 11

**In re Craig and Kelli Hufford**
**Case No. 09-34008**

In conclusion, both this Court's order confirming the Debtors' Chapter 13 plan and this Court's order dismissing the Debtors' Chapter 13 case set forth this unambiguous requirement: That in the event the Debtors' Chapter 13 was dismissed, the Trustee was to distribute assets still remaining within his custody to the Debtors' creditors. Based, therefore, on this requirement, the Debtors, under any reading given to the effect of dismissal concerning funds held by a trustee, are not entitled to receive any disbursement of the funds still held by the Trustee in this case. However, in accordance with the Debtors' confirmed plan and this Court's order of confirmation, the claim held by Deutsche Bank, since it was subject to a pending objection at the time of the dismissal of the Debtors' case, is not entitled to receive a disbursement from the Trustee.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

---

via ECF, upon the attorney for Deutsche Bank, and upon OCWEN, to whom the claim had been later transferred, on September 13, 2011. Pursuant to Local Rule of Bankruptcy Procedure, 9013-1(b), a party has 14 days to file a response to the type of brief filed by the Debtors. No such response, however, was filed by Deutsche Bank or OCWEN within the 14-day period prescribed by Local Rule of Bankruptcy Procedure 9013-1(b). Accordingly, as this Decision is being entered past the 14-day period prescribed by Rule 9013-1(b), this Court assumes that neither Deutsche Bank or OCWEN is objecting to the relief sought by the Debtors.

Page 12

In re Craig and Kelli Hufford
Case No. 09-34008

Accordingly, it is

**ORDERED** that the Motion of the Debtors, Craig and Kelli Hufford, to Disburse Funds to the Debtors, be, and is hereby, DENIED.

**IT IS FURTHER ORDERED** that the Chapter 13 Trustee, John P. Gustafson, Disburse those funds remaining in this case according to the Debtors' confirmed plan and the applicable provisions of the Bankruptcy Code. This distribution, however, shall not include any remuneration on the disputed claim held by Deutsche Bank or OCWEN Loan Servicing, LLC.

Dated: September 29, 2011

_____
Richard L. Speer
United States
Bankruptcy Judge

CERTIFICATE OF SERVICE

      A copy of the foregoing Decision and Order has been sent by ordinary US Mail service this 29th day of September, 2011 to the following:

John P. Gustafson
Office of the Chapter 13 Trustee
316 N. Michigan St.
#501
Toledo, OH 43604

Deborah K Spychalski
PO Box 711
Toledo, OH 43697-0711

Craig A Hufford
24701 McCutcheonville Rd
Perrysburg, OH 43551

Kelli R Hufford
24701 McCutcheonville Rd
Perrysburg, OH 43551

Steven H. Patterson
120 E. 4th St.
8th Floor
Cincinnati, OH 45202

Rosicki, Rosicki & Associates, P.C.
51 East Bethpage Road
Plainview, NY 11803

                                            _____
                                            Deputy Clerk